UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DEANNA MEDLIN,**

    **Plaintiff,**

                              CASE NO.: 8:19-cv-01493-CEH-TGW

**v.**

**BROTHERS EZ MOVING, LLC,**

    **Defendant.**

_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DEANNA MEDLIN, by and through undersigned counsel, brings this action against Defendant, BROTHERS EZ MOVING, LLC, and in support states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages resulting from violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

2. Venue is proper in this judicial district, because all of the events giving rise to these claims occurred within it.

### PARTIES

3. Plaintiff is a resident of this judicial district.

4. Defendant operates a moving company in Gibsonton, in Hillsborough County, Florida, which is in this judicial district.

### GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

9. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant continues to be an "employer" within the meaning of the FLSA.

12. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

14. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendant.

15. Plaintiff was engaged in commerce and was subject to coverage by the FLSA as detailed herein.

## FACTS

16. Defendant is in the moving business, including long distance moving across the United States.[1]

---

[1] *See* https://brothersezmoving.com/long-distance-movers/

17. Plaintiff began working for Defendant as of July 2018, and she worked in this capacity until January 2019.

18. In July 2018, Defendant hired Plaintiff as a sales manager at a yearly salary of forty-eight thousand dollars ($48,000.00) per year.

19. In September 2018, Defendant changed Plaintiff's job to inside sales and started paying her an hourly rate of ten dollars per hour ($10.00), plus 2-3% percent commission based on her sales.

20. Around November 22, 2018, Defendant changed Plaintiff's job duties and title to field sales representative. Plaintiff still earned ten dollars ($10.00) per hour plus 2 to 3 percent commission as well as an additional $500 in commission.

21. Plaintiff's work included taking credit card orders for out of state moves, making calls for moves around the country, and sending customers from other states invoices by email.

22. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and she was entitled to be compensated for these overtime hours at a rate equal to one and one-half times her regular hourly rate.

23. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

24. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

25. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as though fully set forth herein.

26. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

27. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

28. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendant, stating that Defendant's violations of the FLSA were willful;

c) An amount equal to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendant's practices as to Plaintiff were unlawful, and a grant of equitable relief to Plaintiff;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 1st day of July, 2019.

                                               Respectfully submitted,

                                               */s/ Luis A. Cabassa*

                                               **LUIS A. CABASSA**
                                               Florida Bar Number: 0053643
                                               **WENZEL FENTON CABASSA, P.A.**
                                               1110 N. Florida Avenue, Suite 300
                                               Tampa, Florida 33602
                                               Main Number: 813-224-0431
                                               Direct Dial: (813) 379-2565
                                               Facsimile: 813-229-8712
                                               Email: lcabassa@wfclaw.com
                                               Email: twells@wfclaw.com
                                               **Attorneys for Plaintiff**

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of July 2019, the foregoing was electronically filed with the Clerk of the Court via the CM/ECF system, which will send a notice of electronic filing to:

Jay P. Lechner, Esq.
William J. Sheslow, Esq.
WHITTEL & MELTON, LLC
11020 Northcliffe Boulevard
Spring Hill, Florida 34608
Email: Lechnerj@theFLlawfirm.com
Email: Will@theFLlawfirm.com
Email: Pleadings@theFLlawfirm.com
Email: Pls@theFLlawfirm.com

_____
**LUIS A. CABASSA**