**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DEANNA MEDLIN,

       Plaintiff,

v.                                    CASE NO.: 8:19-cv-01493-CEH-TGW

BROTHERS EZ MOVING, LLC,

       Defendant.

_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED COMPLAINT**

       Defendant, BROTHERS EZ MOVING, LLC, through undersigned counsel, answers the correspondingly numbered paragraphs of the Amended Complaint as follows:

       1.    Defendant admits that Plaintiff purports to bring a claim under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, but denies any inference of wrongdoing on its part or that they are liable to Plaintiff for any of the relief they seek.

       2.    Defendant admits that venue is proper.  To the extent not expressly admitted herein, denied.

       3.    Without knowledge; therefore, denied.

       4.    Admitted.

       5.    Without knowledge; therefore, denied.

       6.    Without knowledge; therefore, denied.

       7.    Without knowledge; therefore, denied.

8.     Denied.

9.     Admitted.

10.    Admitted.

11.    Admitted.

12.    Denied.

13.    Admitted.

14.    Denied.

15.    Denied.

16.    Admitted.

17.    Defendant admits that Plaintiff worked from on or about July 2018 until January 2019.  To the extent not expressly admitted herein, denied.

18.    Defendant admits Plaintiff was hired as a sales manager and was paid on a salary basis.  To the extent not expressly admitted herein, denied.

19.    Admitted.

20.    Defendant admits that, in or about November 2018, Plaintiff began working in an outside sales capacity.  To the extent not expressly admitted herein, denied.

21.    Denied.

22.    Denied.

23.    Denied.

24.    Denied.

## COUNT I

25.     Defendant readopts its answers of paragraphs 1 through 24 above.

26.     Denied.

27.     Denied.

28.     Denied.

Defendant denies all allegations in the Wherefore clause in the Plaintiff's Amended Complaint.  The Defendant specifically denies that the Plaintiff is entitled to the requested relief, including declaratory relief, damages, liquidated damages, costs, fees, or any other relief which might accrue to the Plaintiff.

## ALL ALLEGATIONS NOT SPECIFICALLY ADMITTED ARE DENIED.

## DEFENSES

Without conceding that Defendant bears the burden of proof as to any issue, Defendant asserts the following defenses to the Plaintiff's Complaint:

1.     Plaintiff has failed to state a claim, in whole or in part, upon which relief can be granted in that it does not allege dates and periods worked during which overtime entitlement is allegedly owed and amounts of compensation owed.

2.     Plaintiff was exempt from entitlement to overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, pursuant to the white collar exemptions set forth in 29 U.S.C. §213(a).

3.     Plaintiff was exempt from entitlement to overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*, pursuant to 29 U.S.C. § 207(i) and/or any other applicable exemptions.

4.      To the extent any claim arises outside the statute of limitations, it is barred by the limitations period set forth in the Portal-to-Portal Act, 29 U.S.C. § 255.

5.      Defendant denies any liability under or within the meaning of the FLSA as regards overtime compensation. However, to the extent that the Court may determine that Defendant's acts or omissions give rise to liability under such statute, Plaintiff's claims are, nonetheless, barred by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 260, because the acts or omissions complained of were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

6.      Defendant asserts that it is not subject to liability under the FLSA and that this action should be barred because any "omission of overtime payments complained of was in good faith in conformity with and in reliance on . . . administrative practice or enforcement policy of a [United States] agency with respect to the class of employers to which [Defendants] belong[s]," in accordance with the Portal-to-Portal Act, 29 U.S.C. § 258.

7.      To the extent that Plaintiff establishes any failure on Defendant's part to pay overtime compensation, which failure or obligation defendant denies, part of plaintiff's remuneration (and remuneration of other purported similarly-situated individuals) is excluded under the Fair Labor Standards Act in the calculation of regular rates, thus Defendant is entitled to offset these payments against any amounts it may owe for unpaid overtime.

8.      To the extent that Plaintiff establishes any failure on Defendant's part to

pay overtime compensation, which failure or obligation defendant denies, any such insubstantial or insignificant periods of working time are *de minimis* and not actionable under federal law, in accordance with 29 C.F.R. § 785.47.

9.      Any claim for overtime compensation by Plaintiff must be offset by any premium compensation, overpayments, bonuses, advances, commission or other job-related benefits paid or provided to Plaintiff, including a reduction for any compensation already paid to Plaintiff for periods not compensable under the FLSA.

10.      Plaintiff has waived and/or is estopped from asserting claims to the extent they are based on an alleged failure to pay wages, because she did not timely advise Defendant of any alleged mistakes in payment, underpayment, or failure by Defendant to adhere to agreed upon compensation, or because they have already received all the compensation to which they are entitled under the FLSA.

11.      Defendant reserves the right to raise any additional affirmative defenses as discovery may reveal.

WHEREFORE, having answered Plaintiff's Amended Complaint and having raised affirmative defenses, Defendant respectfully requests that the Court enter an Order:

(a) dismissing Plaintiff's Complaint with prejudice;

(b) awarding Defendant the costs and disbursements of this action, including attorneys' fees; and

(c) awarding Defendant such other and further relief as the Court deems just and proper.

Respectfully submitted,
**WHITTEL & MELTON, LLC**
*/s/ Jay P. Lechner*
Jay P. Lechner, Esq.
Florida Bar No.: 0504351
William J. Sheslow, Esq.
Florida Bar No.: 92042
11020 Northcliffe Boulevard
Spring Hill, Florida 34608
Telephone: (352)683-2016
Facsimile: (352) 600-7533
Lechnerj@theFLlawfirm.com
Will@theFLlawfirm.com
Pleadings@theFLlawfirm.com
Pls@theFLlawfirm.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 15, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Jay P. Lechner
Jay P. Lechner, Esq.